IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADDISON SALTER,
    Plaintiff,

v.                                     Case No. 3:06cv110/MCR/EMT

RON McNESBY, et al.,
    Defendants.
_____/

**O R D E R**

      This cause is before the court upon Plaintiff's "Affidavit in Support of an Award of Attorneys' Fees and Costs Pursuant to Court Order" (Doc. 32) and Defendants' response to Plaintiff's affidavit (Doc. 35).

      On August 21, 2006, Plaintiff filed a motion to compel Defendants to respond to two interrogatories and two requests for production, all relating to Defendant Taylor's previous neck surgery and condition (Doc. 24). Plaintiff also asked the court to award Plaintiff attorneys' fees and costs associated with bringing the motion to compel (*id.* at 5). In response to Plaintiff's motion to compel, Defendants asserted that they did not disclose the information and medical records pertaining to Defendant Taylor's neck surgery because they did not believe the records were relevant and also because they believed the records were confidential under Florida law (Doc. 26 at 3–5). Defendants also contended that any award of sanctions would be inappropriate (*id.* at 10). This court granted Plaintiff's motion to compel and granted sanctions after finding that Defendants offered no satisfactory justification for their failure to provide the requested discovery (Doc. 29). In its order, the court awarded Plaintiff the reasonable expenses incurred in making the motion to compel (*id.* at 4–5). Defendants appealed the award of sanctions to the district judge (Doc. 34), who denied Defendants' motion and affirmed the award of sanctions (Doc. 42).

Plaintiff now asserts that the total fees and costs in connection with his motion to compel are $8,700.00 (Doc. 32 at 2). Plaintiff contends that attorney Larry A. Matthews spent 3.0 hours at a rate of $350.00, for a total of $1050.00, and that attorney M. Kevin Hausfeld spent 25.5 hours at a rate of $300.00, for a total of $7650.00 (*id.*).

Federal Rule of Civil Procedure 37 provides the legal framework for the requested sanctions:

(4) Expenses and Sanctions.
(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the **reasonable expenses** incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(emphasis added).

A district court has broad discretion in imposing monetary sanctions under Rule 37. Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137 (11th Cir. 2006); BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir.1994). The magnitude of a sanctions award under Rule 37 is bound only by that which is reasonable in light of the circumstances. Serra Chevrolet, 446 F.3d 1137 at 1151 (citing Carlucci v. Piper Aircraft Corp., 755 F.2d 1440, 1453 (11th Cir. 1985)). In determining the amount of sanctions to be imposed, a district court may not merely accept the movant's claimed expenses, but must inquire into the basis for those expenses and provide a rationale for any fine. *Id.* at 1152. Specifically, a reasonable hourly rate is the "prevailing market rate" in the same legal community for "similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

The record reflects that Plaintiff filed a fifteen-page motion to compel Defendants to answer two interrogatories relating to Defendant Taylor's neck injury and surgery, and to compel the disclosure of medical and other records relevant to the injury and surgery (Doc. 24). No hearing was held on the motion. Plaintiff claims that two attorneys spent a total of 28.5 hours preparing the motion at hourly rates ranging from $300.00 to $350.00 (Doc. 32). After careful consideration, the court finds that the fees requested by Plaintiff are plainly unreasonable. Specifically, the court finds

unreasonable the number of hours charged, several items claimed by Plaintiff for which he is not entitled to fees, and the rate at which the attorneys' hours were charged.

Initially, Plaintiff charged for an unreasonable number of hours. The discovery dispute in this case involved a specific, narrow issue, which was not novel or complex. To prevail on its motion to compel, Plaintiff needed to show only that the requested discovery was both relevant and not privileged. Regarding relevancy, Plaintiff argued that the records sought were relevant to Plaintiff's claims against both Defendants Taylor and McNesby and to the assault and battery counterclaim filed by Defendant Taylor (*see* Doc. 24 at 10–13).[1] Plaintiff's arguments were well founded, but they did not involve complicated matters of law and should not have required a substantial amount of time to compile. Regarding privilege, the motion to compel contains three pages reciting the facts and holding of a case from the Northern District of California, and Plaintiff's analysis of the federal law of privilege is limited to comparing the facts of the instant case to the facts of the California case (*id.* at 7–10).[2] Additionally, of the fifteen pages in the motion to compel, five pages are a recitation of the events leading to the motion to compel and one page is a certificate of service (*id.* at 1–5, 15). Therefore, a bill for 23.3 hours spent researching and drafting the motion to compel (*see* Doc. 32, Ex. A) is excessive and unreasonable.

Next, Plaintiff includes in his request several questionable charges, including 0.20 hours for what appears to be no more than a phone message (Doc. 32, Ex. A at 4 (first entry from July 21, 2006)); 0.30 hours to review the pleadings to determine if Defendant Taylor had filed a counterclaim against Plaintiff, a fact that Plaintiff should have already known (*id.*, Ex. A at 5 (first entry from August 4, 2006)); 0.70 hours to draft a memorandum (never filed with this court) requesting that Defendant Taylor be required to sign a HIPPA release form (*id.*, Ex. A at 6 (first and third entries from August 11, 2006)); 0.20 hours to review this court's (six line) order directing Defendants to reply to Plaintiff's motion to compel (*id.*, Ex. A at 9 (second and sixth entries from August 23,

---

[1]Since the motion to compel was granted, the parties have stipulated to the dismissal of Defendant Taylor's counterclaim (Doc. 40). This fact is irrelevant to the instant issue, which is whether the discovery relating to Defendant Taylor's neck injury and surgery were discoverable at the time Plaintiff filed his motion to compel.

[2]The court notes that cases from the Northern District of California are not binding on this court. Further, despite spending many hours researching these issues, Plaintiff failed to cite the binding law, including the applicable Federal Rule of Evidence (Rule 501) and the relevant Supreme Court and Eleventh Circuit cases.

Case No.: 3:06cv110/MCR/EMT

2006)); and 3.10 hours to consider Defendants' possible counter arguments, review Defendants' reply, and consider whether to ask leave of the court to file a reply to Defendants' response[3] (*id.*, Ex. A at 9–10 (first, third, and fourth entries from August 29, 2006; first and second entries from September 5, 2006)).

Finally, the hourly rates requested by Plaintiff are unreasonable. In particular, the court finds it unlikely that the attorneys' firm bills the time of associates who have been members of the Florida bar for just over one year at nearly the same rate as the partners who have been members of the Florida bar for over twenty-four years.[4] Moreover, the court is not convinced that the rates requested by Plaintiff are indeed the prevailing market rates in Pensacola for this type of litigation. Based on this court's estimate of the prevailing market rate in Pensacola and this court's experience with similar motions to compel, the court concludes that an award of $1,600.00 is reasonable.[5]

Accordingly, it is **ORDERED**:

Within **TEN (10) DAYS** from the date of docketing of this order, Defendants shall pay to Plaintiff the sum of $1,600.00 for fees incurred in making the motion to compel.

**DONE AND ORDERED** this 6th day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff was required to seek leave of the court before filing a motion to reply (N.D. Fla. Loc. R. 7.1(C)(2)) and should have waited for the court's decision on this issue before spending several hours discussing the potential reply.

[4] The court notes that according to the Florida bar website, M. Kevin Hausfeld has been licensed in Florida since May 2005, and Larry A. Matthews has been licensed in Florida since May 1982. *See* www.floridabar.org.

[5] This figure is derived from an average hourly rate of $200.00 and eight hours of work. Although it is obviously not an exact science, this court concludes that Plaintiff's attorneys could easily have discussed, researched, and drafted the motion to compel in less than eight hours. The court notes that it spent fewer than six hours researching, drafting, and reviewing its order granting the motion to compel, and the court had no familiarity with the facts of this case or its procedural history prior to considering the motion to compel.

Case No.: 3:06cv110/MCR/EMT