IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADDISON SALTER,
    Plaintiff,

vs.                                    Case No.:  3:06cv110/MCR/EMT

RON McNESBY, et al.,
    Defendants.
_____/

## ORDER

       This cause is before the court on Plaintiff's Emergency Motion to Compel Production of Defendants' Expert's File and Motion to Compel Escambia County Sheriff Deputies' Attendance at Depositions (Doc. 82), and Defendants' responses thereto (Docs. 84, 85).

       Initially, the court notes that Plaintiff alleges to have learned the facts leading to the instant motion to compel on or about Thursday, January 18, 2007 (*see* Doc. 82 at 2).  However, Plaintiff filed the motion to compel four days later, on Monday, January 22, 2007, at approximately 5:25 p.m.  In his motion, Plaintiff requests that this court enter an order requiring Defendants to produce certain discovery on or before Wednesday, January 24, 2007 at 5:00 p.m. to facilitate Plaintiff's taking of an expert's deposition on Friday, January 26, 2007 (*see id.* at 5, Ex. A).  Even if Plaintiff's motion was the only matter before this court, and it obviously is not, it is unreasonable of Plaintiff to expect this court to respond within forty-eight hours.  Plaintiff's expectation is especially unreasonable given that Defendants were not consulted prior to filing the motion, and the court needed to provide an opportunity for Defendants to respond.  Nevertheless, the court will address each of Plaintiff's contentions under its broad discretion pertaining to pretrial discovery matters.  *See* Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d

1255, 1263 (11th Cir. 2002)); *see also* Swanner v. United States, 406 F.2d 716, 719 (5th Cir. 1969).[1] Although substantial consideration has been given to the motion and responses, the need to expedite a ruling on this matter has necessitated the abbreviated explanation provided herein.

Plaintiff issued a Notice of Taking Telephonic Deposition Duces Tecum, indicating that Plaintiff would take the deposition of Donald Slavik on January 26, 2007 (Doc. 82, Ex. A). The notice directed Mr. Slavik to bring to the deposition numerous items, including contracts, correspondence, reports, drafts of reports, memoranda, handwritten and typed notes, investigative materials, summaries, tests, studies, deposition transcripts and summaries, charts, diagrams, drawings, photographs, scans, videotapes, cassettes, models, and other tangible items (*id.*). Essentially, Plaintiff was requesting that Mr. Slavik bring his "entire expert file" with him to the deposition (*see* Doc. 82 at 2, Ex. A). However, Plaintiff later demanded that he be provided with a copy of the entire file prior to the deposition (*see* Doc. 82 at 2–3). Defendants advised Plaintiff that they would not send the expert's file, but they further advised that the requested documents would be available for review at the deposition. Plaintiff contends that this is impracticable because he is taking the deposition by phone (presumably calling from Pensacola, Florida), and the witness will be in Bloomington, Minnesota.

Thus, Plaintiff now requests that "this Court enter an order ordering Defendants' [sic] to provide a complete copy of Defendants' expert's file as requested in the Amended Notice of Taking Telephonic Depositions Duces Tecum," and Plaintiff requests that the file be produced no later than 5:00 p.m. on January 24, 2007 — two days prior to the scheduled deposition (Doc. 82 at 3). Plaintiff cites Jahr v. IU International Corp., 109 F.R.D. 429, 431 (M.D.N.C. 1986) for the proposition that parties may take telephonic depositions to reduce the cost of litigation. However, Plaintiff has cited no authority establishing entitlement to Mr. Slavik's entire file prior to the deposition. Plaintiff's request is especially troubling considering that the notice of deposition, crafted by Plaintiff, specifically directs Mr. Slavik to produce the documents at the time of his deposition, and Defendants have agreed to do so. The fact that Plaintiff will be attending the deposition

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

telephonically and cannot physically inspect the documents does not require Defendants to produce the documents in some form or location other than that originally directed by Plaintiff.

Moreover, the court notes that on November 15, 2006, Defendants complied with Federal Rule of Civil Procedure 26(a)(2) by providing Plaintiff with Mr. Slavik's expert witness report, including an itemization of the materials provided to him for his review (*see* Doc. 84 at 4; Doc. 85). Thereafter, Plaintiff filed no request for production of documents relating to Defendants' expert. Federal Rule of Civil Procedure 37(a)(1)(B) provides for a motion to compel when: "a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling" the requested information.  Fed. R. Civ. P. 37(a)(2)(B).[2]  In this case, Plaintiff never submitted a request for production of Defendants' expert's file.  Thus, Plaintiff may not move to compel production under Rule 37.[3]  *See id.*

Plaintiff has also requested that the court order "any and all deputies of the Escambia County Sheriff's Office who have knowledge relevant to this case to appear at their depositions without the necessity of being served with subpoenas" (Doc. 82 at 4).  In support of this request, Plaintiff urges that "a party may depose a specific officer, director, or managing agent pursuant to a notice of deposition" under Rule 30(b)(6).  Although Plaintiff has offered no caselaw in support of his request, he appears to contend that deputy sheriffs are exempt from the subpoena requirement (found in Rule 45(2)) because they are "officers, directors, or managing agents" of Sheriff Ron McNesby.  This court cannot agree.  Rule 30(b)(6) states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  A subpoena shall advise a non-party organization of its duty to make such

---

[2]The court expresses no opinion on whether Plaintiff would be entitled to such documents if they were properly requested under Rule 34.

[3]Even assuming, arguendo, Plaintiff's letter of January 5, 2007 (Doc. 82, Attach. 2) could be construed as a request for production. Defendants would not be required to respond until "30 days after the service of the request." Fed. R. Civ. P. 34(b).  Accordingly, Plaintiff's instant motion to compel would be premature.

Case No. 3:06cv110/MCR/EMT

> a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Plaintiff has failed to allege that the Escambia County Sheriff's Office or Sheriff Ron McNesby has designated any deputy sheriff who has consented to testify on behalf of the sheriff's office to matters known or reasonably available to the organization. Indeed, it appears that the deputies Plaintiff seeks to depose are none other than ordinary fact witnesses. As such, their attendance at a deposition cannot be compelled by notice alone. *See* Archer Daniels Midland Co. v. Aon Risk Servs., 187 F.R.D. 578, 587–88 (D. Minn. 1999) (explaining that, except where an employee has been designated a corporate representative or is an officer, director, or managing agent, such an employee is treated as any other witness and his presence at a deposition must be obtained by subpoena rather than notice); *see also* WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2103 (2006) ("Although Rule 30(b)(6) can be used to require a nonparty organization to designate a person to testify for it, a subpoena is required and the territorial limits of Rule 45 are applicable to the subpoena.").[4]

The remaining issue is whether Defendants are entitled to fees. Federal Rule of Civil Procedure 37(a)(4)(B) provides in pertinent part:

> If the motion [to compel discovery] is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(B). There exists a rebuttable presumption that the court will impose sanctions against the unsuccessful partying bringing a motion to compel. *See* Fed. R. Civ. P. 37(a) Advisory Committee Notes to 1970 Amendment; *see also* 8A WRIGHT, MILLER & MARCUS, 8A FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2288 (2006) ("The greatest operative principle of Rule 37(a)(4) is that the loser pays."). The unsuccessful movant may rebut this presumption by

---

[4] Federal Rule of Civil Procedure 45 expressly provides for the issuance of subpeona's in civil cases. Subpoenas under this rule can be used to obtain the deposition of third-party witnesses. *See, e.g.*, Archer Daniels, 187 F.R.D. at 587–88; Price Waterhouse, LLP v. First Am. Corp., 182 F.R.D. 56, 61 (S.D.N.Y. 1998) (discussing the relationship between Rule 30 and Rule 45).

Case No. 3:06cv110/MCR/EMT

showing that his or her motion to compel was either "substantially justified" or "that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(B). A "motion is substantially justified if it raises an issue about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005)(citing Pierce v. Underwood, 487 U.S. 522, 565 (1988)).

In this case, Plaintiff has failed to follow the Federal Rules of Civil Procedure. Specifically, Plaintiff requests an order compelling the production of documents, but he never submitted a request for production of the documents to Defendants, and he is now demanding that the documents be produced prior to the time he specifically directed that they be produced. Moreover, Plaintiff's request regarding the deputy sheriffs has no sound basis. Thus, this court cannot conclude that Plaintiff's motion was either "substantially justified" or "that other circumstances make an award of expenses unjust."

Accordingly, it is **ORDERED**:

(1)     Plaintiff's Emergency Motion to Compel (Doc. 82) is **DENIED**.

(2)     Defendants shall be awarded the reasonable expenses, including attorney's fees, incurred in responding to Plaintiff's motion to compel. On or before **February 5, 2007**, Defendants shall submit documentation of the fees and expenses incurred in responding to Plaintiff's motion to compel.

(3)     Plaintiff shall be given an opportunity to be heard on the matter of fees and expenses after reviewing the documentation submitted by Defendants. Thus, Plaintiff shall have until **February 15, 2007**, to respond regarding the matter of fees and expenses, but Plaintiff is not required to respond.

**DONE AND ORDERED** this 25th day of January 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**